**LUCKY BRAND DUNGAREES, INC. and Liz Claiborne, Inc., Plaintiffs–Counter–Defendants–Appellants,**

v.

**ALLY APPAREL RESOURCES LLC., doing business as Get Lucky, Key Apparel Resources, Ltd., Marcel Fashion Group, Inc., and Ezra Mizrachi, Defendants–Counter–Claimants–Appellees.**

No. 05–6127–cv.

United States Court of Appeals, Second Circuit.

Oct. 5, 2006.

John F. Triggs, Greenberg Traurig, LLP (Harley I. Lewin and Scott Gelin, on the brief), New York, NY, for Plaintiffs–Appellants.

Lawrence I. Fox, McDermott Will & Emery LLP (Keith M. Stolte, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: GUIDO CALABRESI, B.D. PARKER, Circuit Judges, GERARD E. LYNCH, District Judge.[1]

## SUMMARY ORDER

Plaintiffs-appellants Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc. ("appellants" or "Lucky Brand") appeal from an August 29, 2005, judgment of the United States District Court for the Southern District of New York (Swain, *J.*), denying appellants' motion for a preliminary injunction against certain uses of the "Get Lucky" trademark by defendants-appellees Ally Apparel Resources LLC, Key Apparel Resources, Ltd., Marcel Fashion Group, Inc., and Ezra Mizrachi ("appellees" or "Marcel"). We assume the parties' familiarity with the facts and with the proceedings below.

"A party seeking a preliminary injunction must establish (1) irreparable harm and (2) either (a) a likelihood of success on the merits or (b) a sufficiently serious question going to the merits and a balance of hardships tipping decidedly in the moving party's favor." *Brennan's, Inc. v. Brennan's Restaurant, L.L.C.,* 360 F.3d 125, 129 (2d Cir.2004). A preliminary injunction " 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis omitted) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, 129–30 (2d ed. 1995)). We review a district court's denial of a preliminary injunction only for abuse of discretion. *Louis Vuitton Malletier v. Dooney & Bourke, Inc.,* 454 F.3d 108, 114 (2d Cir.2006). A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or an error of law. *Id.; see also Brennan's, Inc.,* 360 F.3d at 129 ("Because we review a district court's denial of a preliminary injunction for an abuse of discretion, ... appellant has a formidable hurdle to overcome.").

The district court in the instant case found that Lucky Brand had failed to dem-

---

1. The Honorable Gerard E. Lynch, United States District Judge for the Southern District of New York, sitting by designation.

onstrate "the requisite likelihood of success on the merits of [its] [trademark] infringement and unfair competition claims." The Court further found that even assuming Lucky Brand had "raised sufficiently serious questions going to the merits of [its] claims to make them a fair ground for litigation," Lucky Brand had "failed to make the requisite showing of a balance of hardships tipping decidedly in [its] favor."

On appeal, Lucky Brand contends primarily that Marcel's right to expand into Lucky Brand's market was "severely limited" by Lucky Brand's "competing interests" as "an intervening good-faith junior user." Lucky Brand also argues that "[a] late entry, especially into a different market, usually dooms the senior user's efforts to control that market." These arguments were fully aired before the district court, however. We find no basis to conclude that the district court committed a legal error, made a clearly erroneous factual finding, or otherwise abused its considerable discretion when it concluded that the doctrine of related markets was nevertheless "sufficiently relevant" to preclude the drastic remedy of a preliminary injunction. Appellants' arguments for preliminary relief are undermined, moreover, by their delay in bringing this action, which casts doubt on their claim of irreparable injury.

We emphasize that we express no views on the ultimate merits (or even on whether we, in the district court's place, would have exercised our discretion in the same way). On a full trial record, the matter may appear in a different light than it does now. As we observed in *Brennan's Inc.*,

> if a party desires rapid resolution of the suit, after its motion for a preliminary injunction has been denied, better practice would be to seek an expedited trial on the merits. With the parties then able to create a more substantial record, the district court would have an opportunity to make more extensive and reliable findings of fact and we would be in a better position to engage in meaningful appellate review.

360 F.3d at 129.

We have considered appellants' additional arguments and find them to be without merit.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.**